**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.                                                     **Case No. 06-C-269**
                                                                     **(97-CR-225)**

**DERRICK DEWAYNE TURNER,**

      **Movant.**

## DECISION AND ORDER

In 1999, this Court entered judgment against the movant, Derrick Turner ("Turner"), for (1) conspiracy to distribute and possess, with the intent to distribute, in excess of five kilograms of cocaine, methamphetamine, and cocaine base; and (2) possession with intent to distribute cocaine and cocaine base. Turner's conviction was affirmed on appeal. *See United States v. Turner*, 203 F.3d 1010 (7th Cir. 2000). On January 9, 2002, this Court denied Turner's motion brought pursuant to 28 U.S.C. § 2255.

On September 26, 2005, Turner filed a motion to vacate the judgment entered against him. Turner states that his motion is brought pursuant to Rules 12(h) and 60(b) of the Federal Rules of Civil Procedure. Two arguments inform Turner's motion. First, he contends that this Court lacked jurisdiction over his criminal proceeding. Second, Turner argues that the Anti-Terrorism and Effective Death Penalty Act (AEDPA) is unconstitutional because it restricts his ability to petition the government for redress of grievances. The Court takes these in order.

First, Turner's jurisdictional argument–facially frivolous–is not properly before this Court. While it is true that the Court always retains the ability to examine its jurisdiction, Turner's jurisdictional argument is an attack on his conviction. Section 2255 provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 ¶ 1. The Court of Appeals for the Seventh Circuit has stated that "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). Turner previously filed a motion pursuant to § 2255 in this Court, and his instant jurisdictional argument comes within the purview of Section 2255. The Court concludes that Turner's present motion is properly characterized as an unauthorized successive collateral attack. *See* 28 U.S.C. §§ 2244(b), 2255 ¶ 8. As such, this Court lacks jurisdiction to entertain Turner's request for relief.

Turner's second argument, an attempt to circumvent the successive filing restrictions, is no less frivolous than his jurisdictional argument. Basically, Turner claims that, if it were not for AEDPA, he would be able to file more motions in an attempt to have his conviction tossed out. The AEDPA, with its temporal restrictions and limit on the number of filings, is constitutional. *See Felker v. Turpin*, 518 U.S. 651 (1996). Turner's argument, however, does raise an interesting procedural question. Arguably, the claim that the AEDPA is unconstitutional is not an attack on Turner's conviction, but an attempt to have his present motion heard. Thus, this argument may not properly be characterized as a successive attack

2

on his conviction. At any rate, Turner's claim that AEDPA is unconstitutional is without merit and the Court will treat Turner's motion, as a whole, as an unauthorized successive collateral attack on his conviction.

There is one last motion outstanding in this case. Turner, on January 9, 2006, filed a motion for judgment on the pleadings based on the failure of the United States to timely respond to his motion to vacate judgment. The Court accepted the United States's motion to file its tardy response *instanter*. Thus, Turner's motion for judgment on the pleadings is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Turner's Motion for Judgment on the Pleadings (Docket No. 196) is **DENIED**.

Turner's Motion to Vacate Void Judgment (Docket No. 194) is recharacterized as a motion brought under 28 U.S.C. § 2255 and is **DISMISSED** for lack of jurisdiction. The Clerk of Court is instructed to open a new civil case number for this motion consistent with the practice in this district for Section 2255 motions.

Dated at Milwaukee, Wisconsin this 6th day of March, 2006.

             **BY THE COURT**

             s/ Rudolph T. Randa
             **Hon. Rudolph T. Randa**
             **Chief Judge**